Decision
I. Background
Respondent is a Slot Technician, at the Oneida Bingo & Casino, in the Slot Department. On December 31, 2007, Respondent was issued a Suspension of three (3) days without pay for a violation of the Oneida Tribes Personnel Policies and Procedures manual section V.D. 2. II. b. a pattern of unexcused or excessive absenteeism and/or tardiness. (W/S/T) Respondent was also in violation of the Slot Department Time and Attendance Work Standard/SOP section 3.3 any combination of six (6) late and/or missed work days within a twelve month time frame is excessive. The excessive dates of the inirae-tions are: 08/05/07 call-in, 08/12/07 late, 10/16/07 late, 10/17/07 late, 11/21/07 call-in, 12/07/07 call-in, and 12/26/07 call-in.
Respondent appealed the suspension to the Area Manager, on January 14, 2008.
On February 4, 2008, the Area Manager rendered his decision to uphold the discipline.
Respondent appealed to the Oneida Personnel Commission on February 28, 2008 *214 and was granted a grievance hearing on March 10, 2008. The grievance hearing concluded on April 23, 2008, with the matter being remanded back to the Area Manager by the Oneida Personnel Commission. The Area Manager was required to interview a witness. After the interview, the Area Manager again upheld the suspension issued the Respondent.
On June 10, 2008, the Oneida Personnel Commission rendered a decision to overturn the suspension issued the Respondent.
Upon review of this case, the Appellate Court reverses the decision of the Oneida Personnel Commission and upholds the supervisor’s decision to suspend the Respondent.
II. Issues
Is the decision of the Oneida Personnel Commission clearly erroneous and outside the scope of their authority?
III. Analysis
Is the decision of the Oneida Personnel Commission clearly erroneous and outside the scope of their authority?
Yes, this Appellate Review Body finds the Oneida Personnel Commission’s decision is dearly erroneous and outside the scope of their authority.
Oneida Personnel Commission has the authority and responsibility to interpret and apply the Oneida Personnel Policies and Procedures as the original hearing body for employee disciplinary cases. The Oneida Personnel Policies and Procedures (Blue Book) is the Oneida Law that guides these proceedings and provides for consistent and unbiased decision making.
According to the Oneida Tribe’s Personnel Policies and Procedures V.D. 6. b. 7)
The Personnel Commission may:
a) Uphold the disciplinary action; or
b) Overturn the disciplinary action and:
i. Reinstate the employee (petitioner) with full back pay for any lost time;
ii. Reinstate the employee (petitioner) without back pay.
Remanding this matter to the Area Manager did not harm the Appellant’s case. The Area Manager complied with the order to investigate and interview Mr. Mon-fils. Mr. Monfils could not substantiate Respondent’s attendance because Mr. Monfils was not at work on the day at issue, October 16, 2007 at 8:00 am. The question of whether this was new evidence or evidence available at the time of the hearing is moot, since the issue itself was resolved with further investigation by the Area Manager. The fact that Mr. Monfils could have been called as a witness by either party or the Oneida Personnel Commission at the time of hearing is no longer important.
The Appellate Body in reviewing the documents in this case found that the Respondent was indeed in violation of the Blue Book V.D.2.II.b., a pattern of unexcused or excessive absenteeism and/or tardiness and the Time and Attendance SOP. Supervisors are charged with following the Standard Operating Procedures of the area where they are employed {Supervisory Responsibility 3.19). Deviation from the guidelines set out in the SOP requires justification in writing by the supervisor {Non-compliance 3.17).
The Respondent’s argument in defense of the Oneida Personnel Commission’s decision falls short. Supervisor Adams performed his duties according to the guidelines of the Time and Attendance SOP. If there were no justifications for deviation from the guidelines written by other supervisor(s) in the Respondent’s file, the record would have to speak for itself. The *215 Respondent had a prior disciplinary action issued on February 20, 2007. A written warning, for the same offense, which listed seven (7) late and/or missed work days, dating back to October 9, 2006. The suspension in question has dates spanning August 5, 2007 through December 26, 2007.
A referral to EAP from a supervisor is at the discretion of the supervisor. Although the Employee Job Performance Referral form, submitted by the Respondent, Reasons for Referral section lists excessive absence and excessive tardiness, along with many other actions, there was no mandate for referral in the EAP Policy or within the form. Further, EAP Policy provides employees the option of self-referral if they wish to seek this assistance. According to the Oneida Tribal EAP Policy Statement:

2. The policy applies to all employees of the Oneida Tribe no matter what their job title or responsibilities.

3. The E.A.P. is available to Tribal employees or their families on a self-referral basis, since problems at home can affect the job.

7. All levels of Tribal management are responsible for using this program when appropriate to assist in resolving job performance problems related to personal problems.

9. This policy does not alter or replace the existing Tribal Personnel Policies and Procedures, but serves to assist in their utilization

Appellant alleges the Oneida Personnel Commission is attempting to mandate the EAP program in the disciplinary procedure, which is outside the scope of their authority. In the above instant, the Oneida Personnel Commission introduced an issue that neither party had presented or argued, giving the appearance of advocating for Respondent Hill. A recommendation to the supervisor that an E.A.P. referral should be a consideration in these types of cases may have been more appropriate. As it stands, the decision of the Oneida Personnel Commission was clearly erroneous and arbitrary. By giving the E.A.P. Policy precedence over the law, Oneida Personnel Policies and Procedures, and overturning the Area Manager’s decision to uphold the suspension of Respondent Hill, the Oneida Personnel Commission usurped the discretion of the supervisor and denied the supervisor the authority to manage the employees within his department.
It is important that all hearing bodies maintain a uniformity in the finding of facts. By giving each case the same treatment it will always appear that the fact finders are unbiased.
IV. Decision
This Appellate Body upholds the Area Manager’s decision for the three (3) day suspension and overturns the Oneida Personnel Commission’s June 10, 2008 decision.